UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN S. STEWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-2004 CAS |
| | ) | |
| CITY OF ELSBERRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the parties' joint motion to amend the Case Management Order. Under the original Case Management Order (CMO), which was filed on February 9, 2010, discovery was to be completed on August 3, 2010. The case was referred, at the parties' request, to mediation on July 26, 2010. The parties participated in a mediation conference on August 4, 2010, at which time they did not reach a settlement. According to the motion before the Court, the parties did not conduct depositions or take "certain discovery" prior to the mediation conference as a cost-saving measure. The parties now move, approximately a month and a half after the mediation conference and discovery completion deadline, that the Court re-open discovery and extend the dispositve motions deadlines. The Court declines to do so.

In the CMO, the Court ordered that deadlines in the CMO would be modified only by leave of Court upon "the showing of exceptional circumstances." See Doc. 7. Despite their representations to the contrary, the parties did not show diligence in attempting to meet the discovery deadlines in the CMO. It would seem that the parties essentially agreed to ignore the discovery completion deadline, which hardly shows diligent efforts. But even if there were justifiable reasons for ignoring the discovery completion deadline – such as cost-savings before

mediation – the parties delayed for over a month and a half following the medication conference before requesting that the Court amend the deadlines. Under the circumstances of this case, the Court finds that the parties cannot demonstrate "good cause" for the amendments they request, let alone exceptional circumstances, and the motion is denied. Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006) ("[t]he primary measure of good cause is the movant's diligence in attempting to meet the order's requirements"); Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001) (same). See also Fed. R. Civ. P. 16(b), advisory committee note (1983 Amendment) ("the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

Accordingly,

**IT IS HEREBY ORDERED** that the parties' joint motion to amend the Case Management Order is **DENIED.** [Doc. 12]

                                                          _____
                                                          **CHARLES A. SHAW**
                                                          **UNITED STATES DISTRICT JUDGE**

Dated this   21st   day of September, 2010.